FILED

16 JUL 29 AM 11:20

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD GREGORIUS, on behalf of himself
and all others similarly situated,

Plaintiff,

CASE NO.: 2:16-cv-593-FtM-99MRM

vs.

NPC INTERNATIONAL, INC.,
a Foreign Profit Corporation,

Defendant.
________________________________/

**COMPLAINT**

COMES NOW Plaintiff, CHAD GREGORIUS, (hereinafter "Plaintiff") on behalf of himself, other employees and former employees similarly situated, by and through the undersigned counsel, and files this Complaint against Defendant, NPC INTERNATIONAL, INC. doing business as Pizza Hut (hereinafter "Defendant" or "NPC") and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum and overtime wages, an equal amount of liquidated damages and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

**PARTIES**

3. At all times material hereto, Plaintiff, CHAD GREGORIUS, is and was a resident of Lee County, Florida.

4. At all times material hereto, NPC was and continues to be a Foreign Profit Corporation. Further, at all times material hereto, NPC was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. Defendant was and continues to be an "employer" within the meaning of FLSA.

9. At all times material hereto, Defendant NPC was and continues to be "enterprises engaged in commerce" within the meaning of FLSA.

10. At all times material hereto, Defendant NPC was and continues to be an enterprises engaged in the "production of goods for commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant NPC is in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times material hereto, the Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, the Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage of the FLSA.

15. The additional persons who may become Plaintiffs in this action are/were "server" employees of Defendant, who held similar positions to Plaintiff and who, (1) did not earn minimum wages for each hour worked; (2) performed work off the clock; and/or (3) were not paid at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

17. From on or about May 20, 2015 until April 20, 2016, Plaintiff worked for Defendant as a non-exempt "server."

18. From at least May 20, 2015, and continuing through April 20, 2016, the Defendant violated the FLSA 29 U.S.C. § 203 (m) tip credit provision, Defendant violated the tip credit provision by demanding Plaintiff claim more tips than he actually earned and are required to pay the Plaintiff a minimum wage for each hour worked.

19. At various material times hereto (2015-2016), Plaintiff worked off the clock and was not paid for all hours worked.

20. At various material times hereto (2015-2016), Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

21. From at least May 20, 2015, and continuing through April 20, 2016, Defendant failed to compensate Plaintiff for all hours worked and/or at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated each hour worked and at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

22. Defendant has violated Title 29 U.S.C. §206 and 207 from at least May 20, 2015, and continuing through April 20, 2016 in that:

a. Plaintiff was not compensated for all hours worked;

b. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

c. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff for all hours worked and at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

23. Defendant has failed to maintain proper time records as mandated by the FLSA.

24. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF THE FLSA 29 U.S.C. § 203 (m) TIP CREDIT PROVISION**

25. Plaintiff, and others similarly situated, hereby incorporates Paragraphs 1 through 24 of this Complaint into this Count.

26. From on or about May 20, 2015, and continuing through April 20, 2016, Defendant required Plaintiff to claim he made more tips than he actually earned so that it would appear he made at least minimum wage for each hour worked.

27. The Defendant violated the FLSA 29 U.S.C. § 203 (m) tip credit provision and are required to pay the Plaintiff a minimum wage for each hour worked.

28. The Plaintiff, and others similarly situated, seeks damages in the amount of minimum wages in the amount due to him, plus liquidated damages in an amount equal to the loss of minimum wages and pre-judgment interest.

29. The Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by the Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHAD GREGORIUS, on behalf of himself and all proposed members of the FLSA representative action pray for relief as follows:

a. A determination that this action may be pursuant to the FLSA;

b. A finding that the Defendant violated the various provisions of the FLSA set forth above;

c. A finding that the Defendant acted willfully in each of the violations of the FLSA;

d. An award to Plaintiff of damages for the amount of all unpaid compensation and tip credits as the law provides, including statutory liquidated damages and statutory wages;

e. An award to the Plaintiff of reasonable attorneys' fees and costs, or pre-judgment interest; and

f. An award of such other and further relief as this Court may deem appropriate.

**COUNT II**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

30. Plaintiff, and others similarly situated, realleges and incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

31. From May 20, 2015, and continuing through April 20, 2016 Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendant failed and continue to fail to maintain proper time records as mandated by the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

35. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

39. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff proper overtime wages at time and a half the regular rate of pay for such hours.

WHEREFORE, Plaintiff, CHAD GREGORIUS, on behalf of himself and all proposed members of the FLSA representative action pray for relief as follows:

a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendant within the past three years.

**COUNT III**
**VIOLATION OF 29 U.S.C. §206 MINIMUM WAGES**

40. Plaintiff, and others similarly situated, realleges and incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

41. From May 20, 2015, and continuing through April 20, 2016 Plaintiff worked off the clock was not compensated at least minimum wages for every hour worked.

42. Plaintiff, and others similarly situated, was entitled to be paid minimum wages for each hour worked during his employment with Defendant.

43. Since then, Plaintiff has demanded compensation for all hours worked, but Defendant has refused and/or failed to compensate him for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendant.

44. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continues to suffer damages and lost compensation for minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

45. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

46. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for payment of minimum wages.

47. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff minimum wages for every hour worked.

48. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff, CHAD GREGORIUS, on behalf of himself and all proposed members of the FLSA representative action pray for relief as follows:

a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Awarding Plaintiff the loss of minimum wages in the amount due for time worked;

c. Awarding Plaintiff liquidated damages in an amount equal to the loss of minimum wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendant within the past three years.

Respectfully submitted this 27th day of July 2016.

BERKE LAW FIRM, P.A.

By: /s/ Bill B. Berke
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Boulevard S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiff*