UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD GREGORIUS, on behalf of himself
and all others similarly situated

    Plaintiff,

v.                                Case No:   2:16-cv-593-FtM-99MRM

NPC INTERNATIONAL, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Joint Motion to Approve Settlement (Doc. 27) and FLSA Settlement Agreement and Limited Release (Doc. 27-1) filed on July 11, 2017. Plaintiff Chad Gregorius and Defendant NPC International, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. After consideration of the parties' submissions, the Undersigned cannot recommend approval of the proposed FLSA Settlement Agreement and Limited Release as it currently stands.

As a preliminary matter, on November 30, 2016, the Honorable John E. Steele granted a Motion to Dismiss, or Alternatively, Compel Individual Arbitration Stay Proceedings [sic] (Doc. 14) to the extent that Judge Steele stayed the proceedings, compelled the parties to arbitrate this matter, and administratively closed the case. (*See* Doc. 25 at 9). Rather than completing arbitration, the parties settled this case and now request that the Court approve the settlement. To allow the Court to consider the Joint Motion to Approve Settlement, the stay must be lifted. Thus, the Undersigned recommends that the stay be lifted for such a purpose.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54. Here, the one issue that precludes a finding of fairness and reasonableness involves the "Limited Release" provision of the FLSA Settlement Agreement and Limited Release. (*See* Doc. 27-1 at 2).

The language of the Limited Release provides as follows:

[Plaintiff] does hereby fully, finally, and forever release and discharge NPC from *all causes of action,* damages, liabilities, equities, attorneys' fees, costs, *relief of any kind* and claims:

(i) concerning minimum wages, unpaid wages, or overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, FLSA rules or regulations, the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448. 10 ("FMWA"), and any FMWA rules or regulations;
(ii) that were or *could have been the subject of a complaint* on file in the civil action styled *Chad Gregorius v. NPC International, Inc.*, Case No. 2: 16-cv- 00593, in the United States District Court for the Middle District of Florida and a subsequent arbitration styled *Chad Gregorius v. NPC International, Inc.*, Case No. 01-17-0000-1654 before the American Arbitration Association (hereinafter referred to as the "Lawsuit"); or
(iii) *that relate to the final three years of Releasing Party's employment with NPC or the cessation of Releasing Party's employment with NPC*.

(*Id.*) (emphasis added).

This language is facially vague and broad as to the scope of the release contemplated. This section is entitled "Limited Release," yet the language can be read to suggest that Plaintiff generally releases Defendant from "all causes of action . . .that were or could have been the subject of a complaint . . . and a subsequent arbitration . . . [or] that relate to the final three years of [Plaintiff's] employment with [Defendant]." (*Id.*).

The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Thus, for Plaintiff to release Defendant from all causes of action that could have been the subject of a complaint in this case or at arbitration regarding Plaintiff's final three (3) years of employment requires additional consideration, above and beyond payment of back wages and liquidated damages. *See Shearer*, 2015 WL 2402450, at *3.

Here, Defendant agrees to pay Plaintiff $1,750.00 for his claims. (Doc. 27 at 2). Specifically, Defendant agrees to pay $875.00 for back wages and $875.00 for liquidated damages. (Docs. 27 at 2; 27-1 at 1). Thus, it is unclear whether Plaintiff received any additional consideration for entering into the Limited Release above and beyond payment for the FLSA claims. Consequently, the Court is unable to determine whether the FLSA Settlement Agreement and Limited Release is fair and reasonable.

For the foregoing reasons, the Undersigned cannot make the requisite determination under *Lynn's Food Store* as to the fairness and reasonableness of the proposed FLSA Settlement Agreement and Limited Release. Although the other terms of the Settlement Agreement appear

fair and reasonable, the issue with the language of the Limited Release precludes approval of the FLSA Settlement Agreement and Limited Release as it is currently proposed.

**IT IS RESPECTFULLY RECOMMENDED:**

1)  The stay be lifted and the case re-opened;

2)  The Joint Motion to Approve Settlement (Doc. 27) be **DENIED** without prejudice; and

3)  The parties be ordered to elect one of the following options **no later than August 30, 2017**:[1]

    a.  File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

    b.  File a notice indicating the status of the arbitration previously compelled by this Court (*see* Doc. 25). If the parties have not exhausted arbitration, then the case should be stayed again pending the parties' compliance with the Court's November 30, 2016 Order compelling arbitration.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 14, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties