UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD GREGORIUS, on behalf of himself
and all others similarly situated,

Plaintiff,

CASE NO.: 2:16-cv-00593

vs.

NPC INTERNATIONAL, INC.,
a Foreign Profit Corporation,

Defendant.
_________________________________/

**SECOND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

COME NOW the Plaintiff, CHAD GREGORIUS, and Defendant, NPC INTERNATIONAL, INC., (hereinafter the "Parties"), by and through their undersigned attorneys, and move the Court to approve the settlement in this matter.

**BACKGROUND**

On July 14, 2017, the Court denied the Parties Joint Motion for Settlement Approval based on the language in the limited release. The Parties now seek approval of the revised settlement agreement. In support the Parties state the following:

1. On July 29, 2016, Plaintiff filed a Complaint against Defendant, NPC INTERNATIONAL, INC., to recover unpaid wages including overtime, liquidated damages and attorney's fees and costs under Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") and alleged he performed work off the clock before and after clocking in and out.

2. On November 30, 2016, the Court granted Defendant's Motion to Stay Pending Arbitration as stated at ¶2 of the Order. "The case is hereby **stayed** pending notification by the parties that plaintiff has exhausted arbitration and the stay is due to be lifted or the case is due to be dismissed."

3. Plaintiff was offered and agreed to accept $1,750.00 to resolve his unpaid wage claim plus attorney's fees and costs payable as $875.00 for back wages and subject to withholding taxes and $875.00 for liquidated damages. *See Settlement Agreement attached as Exhibit A.*

4. Based upon a review of Plaintiff's claims, he believes and represents that he has been paid a fair and reasonable settlement for all work he performed on Defendant's behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues, in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

5. The BERKE LAW FIRM, P.A. resolved its attorney's fees and costs in the amount of $6,250.00 of which $5,820.00 represents attorney's fees and $430.00 represents costs.

6. Plaintiff is expressly aware of, and agrees with, the amount paid to his attorney in fees for representing his interests in this matter, and further represents that the amount of fees were determined and negotiated separate from his claims under the Fair Labor Standards Act of 1938, as amended.

**MEMORANDUM OF LAW**

There are two ways by which FLSA claims may be settled, compromised or released by an employee. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of*

*Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which is relied on in this case, permits resolution of disputed claims on terms that are fair and reasonable, with judicial approval:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*, at 1354; *see also Brooks v. Continental Property Services, Inc.*, 2008 WL 781825 (M.D. Fla., Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, 2008 WL 875981 (M.D. Fla., Mar, 27, 2008) (same).

WHEREFORE, the Parties respectfully request that this Court approve this Motion for Approval of Settlement and enter an order dismissing this case, with prejudice, with each party to bear costs and attorneys' fees as per the Settlement Agreement.

Respectfully submitted this 27th day of July 2017.

BERKE LAW FIRM, P.A.

/s/ Bill B. Berke
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/Thomas L. Henderson
Thomas L. Henderson (TN BPR No. 11526)*
Lisa S. Lewis (TN BPR No. 034763)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone: (901) 767-6160
Facsimile: (901) 767-7411
thomas.henderson@ogletreedeakins.com
lisa.lewis@ogletreedeakins.com
* *Pro hac vice* application pending

/s/Jennifer Monrose Moore
Jennifer Monrose Moore, Esquire
Florida Bar No. 35602
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
jennifer.moore@ogletreedeakins.com