## FLSA SETTLEMENT AGREEMENT
## AND LIMITED RELEASE

### RECITALS:

1.  Chad Gregorius, his heirs, successors, administrators, assigns, agents, or representatives, shall hereinafter be referred to as "Releasing Party."

2.  NPC International, Inc., its incorporators, Board of Directors, officers, owners, shareholders, insurers, agents, attorneys, past and present employees, representatives, predecessors, successors, licensors, franchisors, assigns, partners, affiliates, parents, subsidiaries, divisions, branches, and every other person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest and all others acting with or on behalf of it, personally, officially or in any capacity whatsoever, shall hereinafter collectively be referred to collectively as "Released Party" or "NPC."

3.  Releasing Party and NPC shall be collectively referred to as "the Parties."

4.  This Settlement Agreement is between Releasing Party and NPC and may hereafter be referred to as the "Release," the "Agreement" or the "Settlement Agreement."

### AGREEMENT:

5.  **Payment.** In return for the promises of Releasing Party set forth in this Agreement, NPC will pay the total sum of **Eight Thousand Dollars and Zero Cents ($8,000.00)**, to be paid as follows:

    (i)  one check in the amount of **Eight Hundred and Seventy-Five Dollars and Zero Cents ($875.00)**, less withholding taxes, made payable to "Chad Gregorius," representing claimed back wages, for which a Form W-2 will be issued;

    (ii) one check in the amount of **Eight Hundred and Seventy-Five Dollars and Zero Cents ($875.00)**, which represents liquidated damages, for which an appropriate Form 1099 will be issued, made payable to "Chad Gregorius"; and

(iii) one check in the amount of **Six Thousand, Two Hundred and Fifty Dollars and Zero Cents ($6,250.00)**, paid to "Berke Law Firm, P.A.," representing claimed case fees and costs, for which an appropriate Form 1099 will be issued.

6. **Limited Release.** In consideration for the above payments, as well as other good and valuable consideration, the sufficiency of which is hereby acknowledged, Releasing Party does hereby knowingly and voluntarily release NPC from any and all claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et *seq.*, FLSA rules or regulations, the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.10 ("FMWA"), and any FMWA rules or regulations, including those which were the subject of a complaint on file in the civil action styled *Chad Gregorius v. NPC International, Inc.*, Case No. 2:16-cv-00593, in the United States District Court for the Middle District of Florida and a subsequent arbitration styled *Chad Gregorius v. NPC International, Inc.*, Case No. 01-17-0000-1654 before the American Arbitration Association (hereinafter referred to as the "Lawsuit").

7. Without waiving any prospective or retrospective rights under the FLSA or FMWA, Releasing Party admits that he has received from NPC all rights and benefits, if any, potentially due to him pursuant to the FLSA and FMWA. Releasing Party confirms that he has now been properly paid under the FLSA and FMWA for all hours he worked for NPC. It is the Parties' intent to release all claims that can legally be released but no more than that.

8. **Dismissal of the Lawsuit.** Releasing Party agrees that upon the execution of this Agreement, the Parties will submit a joint motion for approval of the FLSA settlement to the Court in the lawsuit, and shall cooperate to execute and file all documents proper or necessary to withdraw and otherwise terminate the lawsuit with prejudice.

9. **End of employment relationship.** Releasing Party agrees and recognizes that his employment relationship with NPC has been permanently and irrevocably terminated, and agrees that he will not in the future seek re-employment or independent contractor status with or by NPC or any agency or entity controlled, owned or operated by NPC. Releasing Party understands and agrees that he will be removed from the labor pool of NPC forever.

10. **No Admission of Liability.** It is understood and agreed that the consideration set forth above is in complete accord and satisfaction of disputed claims, and that NPC and all persons and entities herein released do not in any manner by virtue of said consideration admit liability to anyone as a result of any incident described in or cognizable by the aforementioned complaint or any improper or illegal incident, situation, or circumstance mentioned, alleged, or testified to in connection with the aforementioned complaint, and it is recognized that NPC has denied and continue to deny all such allegations.

11. **Medicare/Medicaid.** This Agreement is based upon a good faith resolution of all disputed claims. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. Plaintiff affirms, covenants, and warrants that he is not a Medicare/Medicaid beneficiary and is not currently receiving; has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for, and has not applied for or sought Social Security Disability, Medicare or Medicaid benefits. In the event any statement in the preceding sentence is incorrect (for example, but not limited to, if Plaintiff is a Medicare beneficiary, etc.), the following sentences (*i.e.*, the remaining sentences of this paragraph) apply. Plaintiff affirms, covenants, and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against NPC under which NPC could be liable for medical expenses incurred by him before or after the execution of this Agreement. Furthermore, he is aware of no medical expenses which Medicare/Medicaid has paid and for which NPC is or could be liable now or in the future. Plaintiff agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare/Medicaid conditional payments, exist. Plaintiff will indemnify, defend, and hold NPC harmless from Medicare/Medicaid claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Plaintiff further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A), *et seq.*, or otherwise. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Plaintiff's eligibility or entitlement to Medicare or Medicare payments, will not

render this release void or ineffective, or affect the finality of this settlement.

12. **Entire Agreement.** This Agreement contains the entire agreement between the Parties. No promise, inducement or agreement that is not contained in this written Agreement has been made to the Parties. This Agreement contains the entire agreement between the Parties and its terms are contractual and not a mere recital.

13. **Interpretation.** This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.

14. **Choice of Law.** This Agreement shall be governed by and interpreted under the laws of the State of Florida without regard to conflict-of-law principles.

15. **Severability.** If any of the terms of this Agreement are found to be invalid or unenforceable, the remainder of this Agreement shall not be affected thereby and shall be valid and enforceable to the extent permitted by law.

16. **Counterparts.** This Agreement will be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Signatures by facsimile will be deemed as an original signature.

17. **Authorized Representatives.** The Parties agree that the execution of this Agreement by the Parties or duly authorized representatives on behalf of the Parties is sufficient and binding upon the Parties.

18. Releasing Party and NPC have been advised to and have had a reasonable and adequate opportunity to consult with their attorneys before signing this Agreement. Releasing Party and NPC agree that this Agreement is written in a manner designed to be understood by them and that they do understand it.

PLAINTIFF AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS

AGREEMENT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

_____   7/24/2017
Chad Gregorius   Date

_____   7/27/2017
Bill Berke   Date
Attorney for Plaintiff

AGREEMENT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

_____          _____
Chad Gregorius                          Date

_____          _____
Bill Berke                              Date
Attorney for Plaintiff

NPC International, Inc.

_____          _____7/27/17_____
By: Jason Poenitske                     Date