UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD GREGORIUS, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                      Case No: 2:16-cv-593-FtM-99MRM

NPC INTERNATIONAL, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Second Joint Motion for Approval of FLSA Settlement (Doc. 29) and FLSA Settlement Agreement and Limited Release (Doc. 29-1) filed on July 27, 2017. Plaintiff Chad Gregorius and Defendant NPC International, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.[1] After consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement and dismiss this case with prejudice.

As a preliminary matter, on November 30, 2016, the Honorable John E. Steele, United States District Judge granted a Motion to Dismiss, or Alternatively, Compel Individual Arbitration Stay Proceedings [sic] (Doc. 14) to the extent that Judge Steele stayed the

---

[1] The Undersigned previously recommended that the parties' first Joint Motion to Approve Settlement (Doc. 27) be denied without prejudice based on issues concerning the release of claims. (*See* Doc. 28). The presiding District Judge adopted the Undersigned's recommendation. (Doc. 30). In their Second Joint Motion for Approval of FLSA Settlement (Doc. 29), the parties appear to have revised the language of the Limited Release in their settlement agreement (Doc. 29-1 at 2 ¶ 6) to clarify limited scope of the release. Therefore, the parties' Second Motion and the settlement agreement attached do not implicate the same issues as the first motion. (*Compare id.*, *with* Doc. 27-1 at 2 ¶ 6).

proceedings, compelled the parties to arbitrate this matter, and administratively closed the case. (*See* Doc. 25 at 9). Rather than completing arbitration, the parties settled this case and now request that the Court approve the settlement. Judge Steele subsequently entered an Order, lifting the stay and reopening the case. (*See* Doc. 30).

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff asserts that on or about May 20, 2015 through April 20, 2016, he worked as a non-exempt server for Defendant. (Doc. 1 at ¶ 17). Plaintiff claims that: (1) Defendant violated the tip credit provision of the FLSA; (2) Plaintiff was not paid for all of the hours he worked; and (3) Plaintiff was not paid overtime wages. (*Id.* at ¶¶ 18-21).

In the FLSA Settlement Agreement, Defendant did not admit to any liability in this action. (*See* Doc. 29-1 at ¶ 10). Thus, even though a *bona fide* dispute exists between the parties and the parties were to arbitrate this matter, the parties decided to settle this matter. (Doc. 29 at 1-2). Defendant agrees to pay Plaintiff $1,750.00 for his claims. (Doc. 29 at 2). Specifically, Defendant agrees to pay $875.00 for back wages and $875.00 for liquidated damages. (Docs. 29 at 2; 29-1 at 1). Upon review of the FLSA Settlement Agreement (Doc. 29-1), the Court determines that the terms of the FLSA Settlement Agreement are reasonable.

Defendant also agrees to pay $6,250.00 in attorney's fees and costs. (Doc. 29 at 2; 29-1 at 2). The amount of attorney's fees and costs were agreed upon separately, and without regard to the amount paid to Plaintiff. (Doc. 29 at 2). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable

on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff. The FLSA Settlement Agreement and Limited Release (Doc. 29-1) appears reasonable on its face. Thus, the Court recommends that the FLSA Settlement Agreement and Limited Release (Doc. 29-1) be approved.

Finally, in granting Plaintiff's request for leave to proceed *in forma pauperis*, the Court ordered that "[i]f Plaintiff prevails in this action, Plaintiff may be require to reimburse the Court for the costs in this case." (*See* Doc. 6 at 2); M.D. Fla. R. 4.07(b). Upon consideration, the Court also recommends that Plaintiff be required to reimburse the Court for costs in this case.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Second Joint Motion for Approval of FLSA Settlement (Doc. 29) be **GRANTED**.

2) The FLSA Settlement Agreement and Limited Release (Doc. 29-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) Plaintiff be required to reimburse the Court for the costs of this action.

4) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 31, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties